IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILKINS, # M-15686, <br> TIMOTHY HUMMELL, # M-51538, <br> and TODD ADAMS, # N-63927, <br> <br> Plaintiff, <br> <br> vs. <br> <br> JOHNSON, EUGENE HOLT, <br> CHARLES SCHULTZ, K. PIERCE, <br> CRAIG FOSTER, M. KLEIN, <br> ROGER MOSS, <br> and LISHA STORMENT, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-1368-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs are inmates who are all currently incarcerated at Vandalia Correctional Center ("Vandalia"). They have jointly brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendants have been deliberately indifferent to their various medical needs. In addition, they assert state law claims for intentional infliction of emotional distress and medical malpractice. Plaintiffs wish to pursue this case together as a class action.

Before a prisoner's case may proceed in federal court, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). In addition to

the required merits screening under § 1915A, the Court must also assess whether the claims brought by the three plaintiffs in this case are properly joined in a single action.

As shall be explained below, the complaint herein does not survive § 1915A review and it shall be dismissed. Plaintiffs shall be permitted to re-plead their claims to address the deficiencies. However, they must do so separately, because their claims of deliberate indifference to their distinct medical conditions are not appropriately joined in this case. Each Plaintiff's claims shall be severed into an individual case and each shall file his amended complaint in his own case, according to the instructions below.

## The Complaint

Plaintiff Wilkins suffers from post-traumatic stress disorder, schizo-affective disorder and anxiety disorder (Doc. 1, p. 10). He claims that he has been denied medications and other unspecified treatment by medical staff at Vandalia. As a result, he has experienced "ongoing extreme anxiety attacks, suicidal and homicidal thoughts, with depressive mental state," auditory hallucinations, sleeplessness, teeth grinding, sweats and "traumatic" headaches (Doc. 1, pp. 10, 15). Plaintiff Wilkins does not identify any of the medical staff who failed to render treatment to him.

Plaintiff Hummell's medical conditions include congestive heart failure, osteoporosis and degenerative bone disease. He also asserts that he cannot consume beans or soy products (Doc. 1, p. 11). The doctor (who he does not identify by name) and dietary staff (also unnamed) failed to provide him with an "emergency diet" or "appropriate help" for his conditions. *Id*. He has suffered from constipation and been subjected to "ongoing death or near death experience" due to the inadequate medical care at Vandalia. *Id*. Further, since approximately November 23, 2015, Hummell has been forced to walk to the "pill line" after his medications were "wrongly

taken" when he was accused of failing to take his medicine. *Id*. Plaintiff Hummell has submitted a motion for injunctive relief, in which he seeks a transfer to a different institution where his medical needs may be met (Doc. 2). In that motion, he further alleges that he suffers from severe edema and a liver condition (Doc. 2, p. 2).

Plaintiff Todd Adams does not reveal any facts regarding his medical condition(s) in the complaint. He merely alleges that he has suffered from untreated symptoms and adverse side effects of medications for approximately a year and a half (Doc. 1, p. 15). The Court notes, however, that on September 3, 3015, Plaintiff Adams filed a civil rights action (*Adams v. Afuwape*, Case No. 15-cv-980-MJR-SCW) claiming that Dr. Afuwape was deliberately indifferent to Adams' need for pain relief, an inhaler and a hearing aid. In that case, Adams alleged that he suffers significant pain throughout his body due to injuries sustained in various accidents and assaults, as well as herniated discs and a torn meniscus in both knees (See Docs. 1, 8 in Case No. 15-980). This previously-filed case was referred to a magistrate judge for further review and is still pending before this Court.

Plaintiffs bring their claims against the following Defendants: Vandalia Health Care Director Johnson, Counselor Eugene Holt, Counselor Charles Shultz, Grievance Officer K. Pierce, Warden Craig Foster, Health Care Administrator M. Klein, Assistant Warden Roger Moss and Lisha Storment (whose job is "CCII," an abbreviation that is not explained). Plaintiffs allege that Defendant Johnson "fail[ed] to provide directive that would [have] prevented" the neglect, delay, and denial of medical care (Doc. 1, p. 2). Defendant Holt denied, neglected or delayed his response to grievances filed by inmates over the inadequate medical care (Doc. 1, p. 3). Similarly, Defendant Shultz failed to properly address inmate grievances and failed to take steps to transfer Plaintiff Hummell to another prison (Doc. 1, pp. 3-4). Defendant Pierce also

failed to resolve inmates' grievances in order to ensure they received adequate medical care (Doc. 1, p. 4). Defendant Warden Foster, who is responsible for the conduct of all the other defendants, failed to ensure that the nurses, medical directors and doctors provided quality care to inmates and allowed overcrowding and unsanitary living conditions[1] to persist in the prison (Doc. 1 p. 5). Defendant Klein allowed subordinate medical staff to deny and delay treatment and failed to properly train staff (Doc. 1, p. 6). Defendant Moss was aware of the claims of inadequate medical care raised in grievances, denied "several grievances of serious nature" and failed to exercise his authority to direct other staff to provide relief to inmates (Doc. 1, pp. 6-7). Defendant Storment also failed to order other personnel to adequately address the inmates' medical concerns (Doc. 1, p. 8).

Plaintiffs seek compensatory and punitive damages from all Defendants based on their alleged deliberate indifference to Plaintiffs' serious medical conditions, intentional infliction of emotional distress and medical malpractice (Doc. 1, pp. 15-19).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Section 1915A requires dismissal of any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] The Plaintiffs do not articulate any claim arising from the alleged overcrowding (other than the general claim that medical care is inadequate) or from the unsanitary conditions. Therefore, these matters shall not be addressed herein, and any claim based on these statements shall be considered dismissed without prejudice.

556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Eighth Amendment claim against Defendants Johnson, Foster, Klein, Moss, and Storment, for deliberate indifference to the Plaintiffs' serious medical needs, in that they failed to direct medical personnel to provide adequate medical care to the Plaintiffs;
>
> **Count 2:**  Eighth Amendment claim against Defendants Holt, Shultz, and Pierce, for deliberate indifference to the Plaintiffs' serious medical needs, in that they failed to properly handle or favorably respond to Plaintiffs' grievances filed over medical care at Vandalia;
>
> **Count 3:**  State law claim against all Defendants for intentional infliction of emotional distress, for failing to ensure that Plaintiffs received proper medical care;
>
> **Count 4:**  State law claim against all Defendants for medical malpractice.

With respect to the constitutional claims in Counts 1 and 2, the complaint fails to state a claim upon which relief may be granted.  Because those claims are not viable as pled, the complaint, including the state law claims in Counts 3 and 4, shall be dismissed without prejudice.

Each Plaintiff shall have an opportunity to submit an amended complaint in his severed individual case, if he wishes to proceed with his claims. If the amended complaint still fails to state a constitutional claim, or if a plaintiff does not submit an amended complaint, his entire case shall be dismissed with prejudice and the dismissal shall count as a strike pursuant to § 1915(g). Each Plaintiff's amended complaint shall be subject to review under § 1915A.

**Count 1 – Deliberate Indifference – Defendants Johnson, Foster, Klein, Moss, and Storment**

By Plaintiffs' own description, none of these Defendants appear to have been directly responsible for rendering medical care to any Plaintiff. Defendants Johnson and Klein are administrators in the prison's Health Care department. Defendants Foster and Moss are the warden and assistant warden, respectively. Defendant Storment's job is unclear, but the claim that she failed to order others to provide care indicates that she herself was not a direct provider of medical treatment to the Plaintiffs.

Remarkably, Plaintiffs do not identify or assert claims against the individual doctors, nurses or other frontline medical professionals who allegedly withheld, delayed or denied needed medications, tests or other treatment for their various ailments. The sole exception is Dr. Afuwape, who is mentioned only in the medical malpractice count – and even then, Plaintiffs do not include any factual allegations about what Dr. Afuwape did or failed to do with regard to any medical condition (Doc. 1, p. 19). This omission is a fatal flaw in the pleading. Without any factual allegations to support a deliberate indifference claim against the medical provider(s) responsible for treating Plaintiffs' serious illnesses, the claims directed toward administrators, supervisors and grievance-handlers collapse like a house of cards.

Plaintiffs' descriptions of the alleged deprivations of medical care are so general and conclusory that they fail to give Defendants sufficient notice of the basis for the claims so that

they may respond.  For example, Plaintiff Wilkins does not describe what medications were denied to him, for which of his conditions, or in what time frame; nor does he indicate which provider(s) denied the medications or treatment (Doc. 1, p. 10).  Defendant Hummell claims that "medical personnel," "the doctor," "dietary staff" and "this facility" failed to provide him with the diet he needed or other help for his ailments.  This description is inadequate to pin any potentially unconstitutional actions to any of the named Defendants.  In fact, none of the Defendants is mentioned by name in the body of the complaint (Doc. 1, pp. 10-19).

Section 1983 creates a cause of action based on personal liability and predicated upon fault.  Thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).  In order to sufficiently plead a claim for deliberate indifference to serious medical needs, a plaintiff must include facts to show that a specific prison official knew about the plaintiff's serious medical condition, but failed to take steps to mitigate the harm to the plaintiff from that condition.  *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  Here, the complaint as presently pled contains no such factual recitation, but instead relies on conclusory statements such as, "Reviewing medical personnel were aware of many very serious medical conditions . . . and chose to disregard providing them adequate necessary care" (Doc. 1, p. 10).  These generalities are inadequate to meet the pleading standards outlined in *Twombly* and *Iqbal*.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Notably, if a prisoner is under the care of prison medical professionals, non-medical prison officials such as the Defendants named herein "will generally be justified in believing that the prisoner is in capable hands."  *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting

*Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Plaintiffs have set forth no facts to suggest that the named Defendants knew that the prison medical professionals were violating constitutional standards of care. Instead, they rely on their own bald conclusions that treatment was inadequate and supply only generalities regarding grievances and complaints that may have made their way to Defendants Johnson, Foster, Klein, Moss and Storment.

It is true that non-medical prison officials may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008); *see also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical defendants who knew of plaintiff's serious medical condition and inadequate medical care through his "coherent and highly detailed grievances and other correspondences," but failed to intervene); *Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly denied an inmate life-sustaining medication and food). In this case, however, the complaint provides no factual underpinning for the claim that medical providers were deliberately indifferent to the Plaintiffs' serious medical needs. Without a factual basis to support a deliberate indifference claim against the frontline providers, Plaintiffs cannot make the leap to impose liability on the named Defendants - none of whom are alleged to be doctors, nurses, or other direct caregivers - for failing to require the medical providers to provide the treatment sought by Plaintiffs.

Finally, a Defendant with supervisory authority does not incur liability in a civil rights case merely because his or her subordinate employee violated an inmate's constitutional rights. The doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g.*, *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To the extent that Plaintiffs' claims against Defendants Johnson, Foster, Klein, Moss and Storment are based upon their role as supervisors or administrators over the medical staff, those claims must fail.

For these reasons, the complaint fails to state a deliberate indifference claim upon which relief may be granted against Defendants Johnson, Foster, Klein, Moss, and Storment. **Count 1** is therefore subject to dismissal pursuant to § 1915A.

**Count 2 – Deliberate Indifference – Defendants Holt, Shultz, and Pierce**

These Defendants are alleged to have been responsible for handling grievances filed by Plaintiffs to complain about the inadequate medical care at Vandalia. As with the Defendants in Count 1, there is no claim that Defendants Holt, Shultz or Pierce were medical providers themselves or that they personally withheld any medical treatment from Plaintiffs. Instead, they were employed as counselors or grievance officers and were tasked with reviewing Plaintiffs' claims that medical staff had violated their constitutional rights.

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, any failure to satisfactorily resolve Plaintiff's grievances or any other action or inaction with regard to the grievance procedure on the part of Defendants

Holt, Shultz or Pierce will not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

The recent case of *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015), cited above under Count 1, presented a distinct factual scenario where a plaintiff was permitted to proceed with his claims against some defendants who processed his "highly detailed" grievances outlining serious problems with his medical care. However, Plaintiffs' complaint herein does not suggest any parallel to the claims in *Perez*. As such, the Court cannot discern any basis to depart from the rule in *Owens v. Hinsley* that grievance mishandling does not give rise to a cognizable claim. Accordingly, **Count 2** against Defendants Holt, Shultz, and Pierce also fails to state a claim upon which relief may be granted.

**Count 3 – Intentional Infliction of Emotional Distress**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc*., 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiffs' state law claim for intentional infliction of emotional distress may be cognizable in the same action with the deliberate indifference claims. However, because the

Court has already concluded that Counts 1 and 2 fail to state a constitutional claim upon which relief may be granted and are subject to dismissal, the supplemental state law claims shall not be considered further unless the federal claims are revived in an amended complaint that withstands review under § 1915A.  *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").   Accordingly, **Count 3** shall be dismissed without prejudice. Each Plaintiff may re-plead the claim in Count 3 when he submits an amended complaint.  The entire amended complaint shall be subject to a merits review under § 1915A.

**Count 4 – Medical Malpractice**

A state law malpractice claim might be appropriately brought under the Court's supplemental jurisdiction along with a claim for deliberate indifference to medical needs. However, a claim for medical malpractice, like the claims for deliberate indifference, must include some factual basis to suggest that a doctor or other medical provider rendered substandard care to a plaintiff.  As discussed above, no medical provider is included as a party herein and none of the named Defendants is alleged to have practiced medicine on any of the Plaintiffs.  It is conceivable that some of the Defendants may be subject to vicarious liability for malpractice committed by the frontline treating professionals, but Plaintiffs' limited and general factual allegations do not supply enough information about the instances of malpractice to support claims against the named supervisory Defendants. Count 4 shall also be dismissed without prejudice.  This count may be re-pled in an amended complaint.  However, Plaintiffs shall take note that their medical malpractice claims will be subject to dismissal if they fail to include the required certificate of merit from a qualified health professional.  *See* 735 ILL. COMP. STAT. §5/2-622(a).

**Multi-Plaintiff Litigation/Severance of Plaintiffs**

District courts must accept joint complaints filed by multiple prisoners, but only if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). Rule 20 authorizes individuals to join as plaintiffs in bringing a single action, if: (A) they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1)(A)-(B) (emphasis added). A district court may also turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21 and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

As explained above, Plaintiffs have failed to state a viable deliberate indifference claim in this action. In order for them to do so, they must lay a factual foundation to show that their medical providers acted or failed to act, with knowing disregard to the risk of harm to the Plaintiffs from their individual health conditions. The question of whether the medical professional(s) who treated or failed to treat Plaintiff Wilkins' post-traumatic stress and other disorders were deliberately indifferent to his condition is a separate and distinct issue from the matter of whether medical staff were deliberately indifferent to Plaintiff Hummell's or Plaintiff Adams' medical needs. These Plaintiffs' claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," as each of them was individually treated (or denied treatment) by the prison's doctor(s) or other medical professional(s) in relation to his particular medical condition. The legal question of whether each Plaintiff's medical care

violated Eighth Amendment standards is likewise an individualized determination based on the facts unique to each Plaintiff's situation. This is true not only for the claims in Count 1, but also for the claims in Counts 2-4, which rest on the same underlying facts regarding each Plaintiff's medical condition and the actions or inactions of prison officials in response to that condition. Therefore, It appears that no "question of law or fact common to these persons" will arise with regard to the fundamental issue of deliberate indifference by the as-yet-unnamed frontline medical professionals. *See* FED. R. CIV. P. 20. That being the case and according to the Rule 20 criteria, the individual Plaintiffs' claims are not properly joined in one action.

Having determined that joinder of the plaintiffs is not permitted in this case, the Court looks to Rule 21 of the Federal Rules of Civil Procedure for guidance on how to proceed. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." FED. R. CIV. P. 21. Consistent with Rule 21, the Court shall enter an order in the disposition below that "drops" the misjoined parties from this action, as follows:

   A.   **Joseph Wilkins**, the first-named Plaintiff, shall proceed as the *only* Plaintiff in this action going forward, and he shall be obligated to pay a filing fee for *this* action;

   B.   **Timothy Hummell** and **Todd Adams** shall be terminated as Plaintiffs in this action, and no filing fee for this action shall be assessed to them. A new case shall be opened for each of these Plaintiffs. Each shall separately proceed with his claims in the newly-opened case, and each shall pay a filing fee in that case, whether or not he chooses to pursue his claims any further.

**Filing Fees/ Motions for Leave to Proceed *In Forma Pauperis* (IFP)**

When prisoner-plaintiffs file a joint lawsuit, the Seventh Circuit directs that each individual is still obligated to pay the full amount of his filing fee, either in installments or in full

if the circumstances require it, just as if he had filed an individual action. *Boriboune v. Berge*, 391 F.3d 854 (7th Cir. 2004). As such, the Plaintiffs herein will be assessed the same filing fee in their individual severed cases as they would have been required to pay if the action were to proceed as a joint lawsuit. The motions for leave to proceed IFP filed by Plaintiff Hummell (Doc. 9) and Plaintiff Adams (Doc. 8) shall be addressed in their individual severed cases.

Plaintiff Wilkins' motion for leave to proceed IFP (Doc. 4) presents an additional issue, because prior to filing this action, Wilkins brought three previous cases which were dismissed upon initial review for lack of merit. He has therefore "struck out" within the meaning of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Review of documents filed in the electronic docket of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Wilkins while he was a prisoner, seeking redress from officers or employees of a governmental entity, that have been dismissed for one of the grounds enumerated in § 1915(g): *Wilkins v. Psychiatrist NRC Stateville CC, et al*, Case No. 11-cv-50180 (N.D. Ill., dismissed July 6, 2011); *Wilkins v. Schrader, et al*, Case No. 11-cv-50267 (N.D. Ill., dismissed Sept. 22, 2011); and *Wilkins v. Dart, et al*, Case No. 13-cv-377 (N.D. Ill., dismissed Feb. 8, 2013). Because Wilkins has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, the complaint, as well as Wilkins' motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Wilkins is under imminent danger of serious physical injury. He claims generally that he has suffered from anxiety attacks, hallucinations, insomnia and suicidal and homicidal thoughts due to the alleged denial of medication for his psychological disorders. However, the complaint does not provide enough information to support a conclusion that Wilkins is facing an *imminent* danger of serious *physical* injury.

Accordingly, Wilkins does not escape the "three-strikes" rule of § 1915(g). He cannot proceed IFP in this case. It is therefore **ORDERED** that Plaintiff Wilkins' motion for leave to proceed IFP in this case (Doc. 4) is **DENIED**. It is **further ORDERED** that Wilkins shall pay the full filing fee of $400.00[2] for this action within **thirty-five (35) days** of the date of entry of

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Only litigants who are granted IFP status are exempt from paying the new $50.00 fee.

this Order (on or before **March 4, 2016**).  The same deadline shall apply to the requirement that Wilkins file an amended complaint in order to proceed with his claims.  If Wilkins fails to comply with this payment order in the time allotted by the Court, his case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

### Other Pending Motions

Plaintiff Hummell's motion for temporary restraining order and service of process at government expense (Doc. 2) shall be terminated in this action and re-filed in Hummell's newly-severed case.  The Court shall reserve ruling on this motion pending the receipt of Hummell's amended complaint.

The Court shall reserve ruling on Plaintiff Wilkins' motion for recruitment of counsel (Doc. 3) until he pays the $400.00 filing fee for this action.

### Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the following Plaintiffs are, for the reasons set forth above, **TERMINATED** as parties in this action: **TIMOTHY HUMMELL** and **TODD ADAMS**. The Clerk is **DIRECTED** to open a new case for each of these Plaintiffs, captioning them as follows and filing the listed documents in each case:

A. **TIMOTHY HUMMELL, Plaintiff, v. JOHNSON, EUGENE HOLT, CHARLES SCHULTZ, K. PIERCE, CRAIG FOSTER, M. KLEIN, ROGER MOSS, and LISHA STORMENT, Defendants**.  Documents from this case to be filed in the severed case are:  This memorandum and order; the original complaint (Doc. 1); the motion for TRO and service of process at government expense (Doc. 2); and Hummell's motion for leave to proceed IFP and trust fund statement (Doc. 9).

B. **TODD ADAMS, Plaintiff, v. JOHNSON, EUGENE HOLT, CHARLES SCHULTZ, K. PIERCE, CRAIG FOSTER, M. KLEIN, ROGER MOSS, and LISHA STORMENT, Defendants**. Documents from this case to be filed in the severed case are: This memorandum and order; the original complaint (Doc. 1); and Adams' motion for leave to proceed IFP (Doc. 8).

The Clerk is **DIRECTED** to change the caption of this case to: **JOSEPH WILKINS, Plaintiff, v. JOHNSON, EUGENE HOLT, CHARLES SCHULTZ, K. PIERCE, CRAIG FOSTER, M. KLEIN, ROGER MOSS, and LISHA STORMENT, Defendants.** Only Plaintiff Wilkins will proceed with his claims in this action, subject to the requirements to pay the full filing fee and submit an amended complaint.

**IT IS FURTHER ORDERED** that, in order to proceed with their respective cases, each Plaintiff shall file his First Amended Complaint (in his own separate case) within 35 days of the entry of this order (on or before March 4, 2016). Plaintiffs Hummell and Adams shall be notified by the Clerk of Court as soon as their new cases are assigned a case number; the new number shall be placed on all pleadings and motions submitted in the future.

It is strongly recommended that each Plaintiff use the form designed for use in this District for civil rights actions, when preparing his amended pleading. He should label the pleading "First Amended Complaint," and he should use the case number for the action opened in his name. Only Plaintiff Joseph Wilkins should use the number for *this* case (15-cv-1368-SMY).

The amended complaint shall present each claim in a separate count as designated by the Court above. In each count, the Plaintiff shall specify, *by name*,[3] each Defendant alleged to be

---

[3] A Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

liable under the count, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Each Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of a Plaintiff's claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Each Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint, but Plaintiffs should refrain from filing unnecessary exhibits.  Failure to file an amended complaint shall result in the dismissal of that Plaintiff's action with prejudice.  Such dismissal shall count as one of the three "strikes" allotted to a prisoner within the meaning of 28 U.S.C. § 1915(g).

In each individual case, service shall not be ordered on the Defendant(s) until after the Court completes its § 1915A review of the Plaintiff's First Amended Complaint.

In order to assist each Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail each Plaintiff a blank civil rights complaint form.

Each plaintiff is **ADVISED** that his obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether a Plaintiff files an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d

464, 467 (7th Cir. 1998).  Only Plaintiff Joseph Wilkins will be assessed a filing fee in this action.  Each other plaintiff will be assessed a filing fee in his new case.

Finally, each Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of the action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 29, 2016**

s/ STACI M. YANDLE
United States District Judge