IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILKINS, # M-15686,   )   <br>  )   <br>           Plaintiff,   )   <br>  )   <br>    vs.   )   <br>  )   <br> JOHNSON, EUGENE HOLT,   )   <br> CHARLES SCHULTZ, K. PIERCE,   )   <br> CRAIG FOSTER, M. KLEIN,   )   <br> ROGER MOSS,   )   <br> and LISHA STORMENT,   )   <br>  )   <br>           Defendants.   )   | Case No. 15-cv-1368-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 29, 2016, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") because he had previously accrued three "strikes" within the meaning of 28 U.S.C. § 1915(g) and his Complaint failed to demonstrate that he was under imminent danger of serious physical injury (Doc. 11). Plaintiff was ordered to pay the $400.00 filing fee for this action no later than March 4, 2016 or face dismissal of the case.

Plaintiff submitted a motion to withdraw from this action (Doc. 12), which was postmarked on January 28, 2016 and received by the Court on February 1, 2016. Plaintiff presumably received the Court's January 29, 2016 Order only after he mailed the motion to withdraw. Plaintiff has not paid the filing fee as ordered and the Court has received no further communication from him.

The Court construes Plaintiff's motion (Doc. 12) as a request to voluntarily dismiss the case, and the motion is **GRANTED**. Accordingly, this case is **DISMISSED** without prejudice.

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g). All other pending motions are **DENIED AS MOOT**.

Plaintiff's voluntary dismissal of the case, however, does not relieve him of the obligation to pay the filing fee. Plaintiff incurred the obligation to pay when he filed this action, and the obligation continues regardless of dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Vandalia Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00

appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: March 21, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**